**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

R & L Limited Investments, Inc., an )
Arizona corporation,                )
                                    )
                Plaintiff,          )
                                    )
vs.                                 )
                                    )
                                    )
Cabot Investment Properties, LLC, a )
Massachusetts limited liability company;)
Cabot Creekside Acquisition LLC, a )
Delaware   limited   liability   company;)
Carlton P. Cabot, a single young man; and)
Timothy J. Kroll, a single man,     )
                                    )
                Defendant.          )

No. CV 09-1525-PHX-MHM

**ORDER**

Currently before the Court is Defendants' Motion to Stay Proceedings Pending Appeal (Doc. 37).  Having considered this motion and its accompanying papers and determined that oral argument is unnecessary, the Court issues the following Order.

**I.      Background**

Defendants previously moved to stay or dismiss this lawsuit and to compel arbitration on a dispute that involved the purchase and sale of a shopping center located in Georgia. (Doc. 6).  Several investors participated in this investment opportunity and they collectively invested $17.5 million.  The Plaintiff in this case was one of the investors, R & L Investments, who invested approximately $250,000 with Defendants.  The Court denied Defendants' motion to compel arbitration and stay or dismiss the lawsuit based on the fact

that the arbitration clauses purported to waive certain non-waivable statutory rights under Arizona law; as such, the Court found they were substantively unconscionable.  (Doc. 33).

Defendants now move to stay the proceedings pending appeal.  (Doc. 37).

**II.    Analysis**

The Ninth Circuit has held that the decision of whether to stay proceedings pending an appeal of an order denying a motion to compel arbitration "is a proper subject for the exercise of discretion by the trial court."  Britton v. Co-op Banking Group, 916 F.2d 1405, 1411-12 (9th Cir. 1990).  While Defendants argue that they are entitled to an automatic stay, speculating about how the Supreme Court might hypothetically resolve a circuit split if presented with the question in the future, they concede that "it is the Ninth Circuit's decision in Britton which is binding on this Court."  (Doc. 37 at 5).  Because this Court is bound by actual precedent, not hypothetical precedent, Britton is controlling.  Hart v. Massanari,  266 F.3d 1155, 1170 (9th Cir. 2001) (explaining that "[a] district judge may not respectfully (or disrespectfully) disagree with his [or her] learned colleagues on his own court of appeals who have ruled on a controlling legal issue").

Under Britton, it is within the Court's discretion whether to deny Defendants' motion for a stay while they appeal the ruling that their arbitration clauses are unconscionable.  916 F.2d at 1411-12; Long Beach Area Chamber of Commerce v. City of Long Beach, 603 F.3d 684, 691 (9th Cir. 2010) (explaining t hat "where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal").  Four factors guide the Court's discretion: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Hilton v. Baunskill, 481 U.S. 770, 776 (1987).  Each factor is analyzed below.

**(A)    Strong Showing of Likelihood of Success on Appeal**

1    To meet their burden, Defendants must "first show a strong likelihood of success on

2    the merits . . . ."  <u>Monsanto</u>, 2010 U.S. Dist. LEXIS 55189 at *5.  However, Defendants do

3    not even attempt to argue that they are likely to succeed on the merits.  Instead, they merely

4    list five issues that they argue are the basis for their non-frivolous appeal.  However, the

5    standard of "not being frivolous" is much lower than "strong likelihood of succeeding."

6    Because Defendants have failed to establish that they have a strong likelihood of succeeding

7    on appeal, this factor weighs against granting Defendants motion for a stay.

8    **(B)    Irreparable Injury in the Absence of a Stay**

9    Defendants argue that they would be irreparably injured in the absence of a stay

10   because "the fees and expenses incurred by the parties in pursuing this litigation while the

11   arbitration order is on appeal would be wasted."  (Doc. 37 at 10).  However, as Plaintiff

12   correctly points out, "cases that are stayed due to a hardship caused by litigation costs

13   generally involve additional case-specific costs that would be unnecessary if arbitration were

14   compelled."  (Doc. 42 at 14).  Here, it appears the only litigation costs that will be incurred

15   while the parties await appeal are discovery costs, which do not constitute irreparable injury.

16   <u>Castaneda v. United States</u>, 2008 U.S. Dist. LEXIS 40567 at *13 (C.D. Cal. May 20, 2008)

17   ("The Court acknowledges that discovery can be burdensome.  However, such a burden,

18   while regrettable, does not constitute an irreparable injury."); <u>see also</u> <u>Bradberry v. T-Mobile</u>

19   <u>USA, Inc.</u>, 2007 U.S. Dist. LEXIS 58801 at *10-11 (N.D. Cal. Aug. 2, 2007) ("The cost of

20   some pretrial litigation does not constitute irreparable harm to Defendant.").  Contrary to

21   Defendants assertion, if their appeal was successful, the parties would still be able to use the

22   discovery in arbitration.  The JAMS arbitration rules require the parties to engage in much

23   of the same disclosure and document exchanges as the Federal Rules of Civil Procedure.

24   While Defendants point out one minor difference between the two systems – the fact that

25   interrogatories are allowed by the Federal Rules, but not expressly permitted by the JAMS

26   rules – this minor discrepancy can hardly be the basis for irreparable injury.  Thus, this factor

27   also weighs against granting the stay.

28   **(C)    Substantial Injury to Other Parties**

1    Plaintiff argues that it will be substantially injured should the Court choose to grant

2    the stay citing other district court cases that have held that delaying a plaintiff's day in court

3    constitutes substantial injury. See Bradberry v. T-Mobile USA, Inc., 2007 U.S. Dist. LEXIS

4    58801 at *12 (N.D. Cal. Aug. 2, 2007) ("[D]elaying a plaintiff's day in court constitute[s] a

5    substantial injury to the plaintiff."); Ford v. Verisign, Inc., 2006 U.S. Dist. LEXIS 88856 at

6    *8 (S.D. Cal. March 8, 2006). (Doc. 42 at 17). Plaintiff points out that the case has already

7    been pending over a year, and that delay would risk "fading memories" and lost evidence.

8    (Doc. 42). Defendants argue that "arbitration is intended to provide for more efficient and

9    less expensive dispute resolution, advantages that will forever be lost if a stay is not entered,"

10   (Doc. 42 at 8). However, Defendants' argument ignores the fact that whether the case is

11   ultimately arbitrated or not, it is in Plaintiff's best interest to undertake discovery sooner

12   rather than later. Given that Plaintiff's discovery will focus on the due diligence undertaken

13   by the Defendants in their promotion of an investment over three years ago, it appears likely

14   that the longer Plaintiff must wait to conduct this discovery, the more risk there is that

15   pertinent evidence will disappear. Thus, this factor weighs against granting the stay as well.

16   **(D)    The Public Interest**

17   Defendants argue that there is a strong public policy against proceeding with

18   discovery when certain issues may ultimately be mooted on appeal. (Doc. 37 at 12).

19   However, Plaintiff points out that this policy is only relevant in cases that present a strong

20   likelihood of success on appeal or that present questions of first impression. (Doc. 42 at 18).

21   Here, as discussed above, Defendants have failed to show that they have a strong likelihood

22   of success on appeal. Plaintiff cites Arizona's "strong public policy to protect the public from

23   unscrupulous investment promoters," Siporin v. Carrington, 200 Ariz. 97, 103, 23 P.3d 92,

24   98 (App. 2001), and argues that this important public policy will be undermined in Plaintiff

25   is unable to conduct discovery or advance this case while the appeal is pending. The Court

26   finds that the public interest factor weighs neither in favor of nor against granting the stay.

27

28

1      Having found that three of the four factors weighs against granting the stay (and that
2 none of the factors weigh in favor of granting the stay), the Court will deny Defendants'
3 Motion to Stay Proceedings Pending Appeal (Doc. 37).

4      **Accordingly,**

5      **IT IS HEREBY ORDERED** denying Defendants' Motion to Stay Proceedings
6 Pending Appeal (Doc. 37).

7      DATED this 21st day of September, 2010.

_____
Mary H. Murguia
United States District Judge

- 5 -